UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| GULF COAST BULK HANDLING, LLC. | CIVIL ACTION |
|---|---|
| V. | NO. 12:893 |
| G&C CONSTRUCTION, LLC and U.S. SPECIALTY INSURANCE COMPANY | SECTION "C" (2) |
| | JUDGE HELEN G. BERRIGAN |

## ORDER & REASONS[1]

Before the Court is Defendant G&C Construction, LLC's Motion to Set Aside Entry of Default. (Rec. Doc. 18). Plaintiffs oppose this motion. (Rec. Doc. 21). Having reviewed the record, memoranda of counsel, and the law, the motion is GRANTED for the following reasons.

## I. Factual Background

On April 5, 2012, Plaintiff Gulf Coast Bulk Handling, LLC filed their Complaint against Defendants G&C Construction, LLC ("G&C") and U.S. Specialty Insurance to recover the alleged balance of a payment due to Plaintiff. (Rec. Doc. 1). A summons was issued to both

---

[1] Rachael McMillan, a second-year law student at Tulane University Law School, contributed to the research and preparation of this order.

1

parties on April 6, 2012. (Rec. Doc. 3). The summons issued to G&C was personally served on Keith Fogg, the Registered Federal Agent of G&C, on April 23, 2012. (Rec. Doc. 10). Plaintiff filed a Motion for Entry of a Default against G&C on May 17, 2012 after G&C failed to make an appearance, file a responsive pleading, or enter an answer within 21 days of the date of service. (Rec. Doc. 12-1 at 1). The Entry of Default was granted and entered by the Clerk of Court on May 18, 2012. (Rec. Doc. 13). Plaintiff also filed its Motion for Entry of Default on a Sum Certain against G&C on May 17, 2012; however, this Motion was deficiently filed and never refiled. (Rec. Doc. 14). G&C filed its Answer to Plaintiff's Complaint on May 30, 2012. (Rec. Doc. 16). G&C now moves to set aside the entry of default. (Rec. Doc. 18).

## II.  Applicable Law

Federal Rule of Civil Procedure 55(c) provides that a district court may set aside an entry of default "for good cause shown," Fed. R. Civ. Pro. 55(c). "Good cause" is not defined in the rule. In examining whether "good cause" has been shown, the district court should consider: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether the defaulting party has presented a meritorious defense to the claims against it. *Lacy v. Sitel Corp*, 227 F.3d 290, 292 (5th Cir. 2000); *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992).

The Fifth Circuit further explains that "there is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case. It has decided nothing against it except that it cannot continue to hold the sweeping [relief] it obtained ... without a trial and by default. All that ... has [been] done is to give the defendants

their day in court.'" *Lacy*, 227 F.3d at 293 (citing *Gen. Tel. Corp. v. Gen Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)). Furthermore, in the Eastern District of Louisiana, a party is not prejudiced if setting aside the default causes a delay in the "collection of the amount in dispute" because the amount in dispute may still be attained in the course of litigation. *C&G Boats, Inc. v. Tex. Ohio Servs., Inc.*, 164 F.R.D. 57, 59 (E.D.La. 1995).

The district court may also consider whether the public interest is implicated by the default, whether there was a significant financial loss to the defendant and whether the defendant moved expeditiously to cure the default. *Dierschke*, 975 F.2d at 184. The time frame for a defendant to move expeditiously to cure the default in the Fifth Circuit may be as short as within 30 days of the entry of default. *Reynal v. United States*, 153 F.2d 929, 931-32 (5th Cir. 1945). Conversely, a motion to cure default filed nine months after a default judgment did not constitute acting expeditiously. *Formal Specialists Ltd. v. Wilbert Lyons Inc.*, 98 F. App'x 284, 286 (5th Cir. 2004). "All of these factors should be viewed against the background principals that cases should, if possible, be resolved on the merits and that defaults are generally disfavored." *Lambert, et. al. v. Bd. of Comm'rs. of the Orleans Levee Dist., et. al.*, 2006 WL 1581262, at *2 (E.D.La.) (citing *Lacy*, 227 F.3d at 292).

**III.    Analysis**

Defendant makes several arguments in its Motion to Set Aside Entry of Default. (Rec. Doc. 18-1). First, Defendant asserts that the default was not willful due to counsel's recent retainment. (Rec. Doc. 18-1 at 3). Second, Defendant argues that Plaintiffs will not suffer prejudice if the entry of default is set aside because the delay in litigation will only force Plaintiff

to argue the merits of its case. (Rec. Doc. 18-1 at 3-4). Third, Defendant presents potentially meritorious defenses to Plaintiff's complaint in its answer. (Rec. Doc. 18-1 at 4, *See* Rec. Doc. 16 at 1, 3-4). Fourth, Defendant would incur a substantial financial loss of over $90,000 if the entry of default is not set aside. (Rec. Doc. 18-1 at 4). Finally, Defendant argues that it has acted expeditiously to correct the default by taking "swift actions" to file an answer once they were put in default and before a default judgment by this Court. (Rec. Doc. 18-1 at 4). The Record shows that Defendant filed its Motion to Set Aside Entry of Default 27 days after the Entry of Default. (*See* Rec. Docs. 13, 18).

Plaintiff responds to Defendants' Motion in its Opposition to G&C Construction, LLC's Motion to Set Aside Entry of Default. (Rec. Doc. 21). First, Plaintiff emphasizes that it filed a Motion for Entry of Default Judgment on a Sum Certain; however, this Motion was marked as deficient and is therefore treated as if it was never filed. (Rec. Doc. 21 at 1-2; Rec. Doc. 14). Second, Plaintiff claims that it will be prejudiced if the entry of default is set aside because of the "additional costs of litigation to the Plaintiff who can simply receive the money they are owed without the added expense of trial." (Rec. Doc. 21 at 2). Third, Plaintiff asserts that it will incur a substantial financial loss because Defendant owes Plaintiff a significant sum of money. (Rec. Doc. 21 at 3). Fourth, Plaintiff contends that Defendants have not acted expeditiously because it took Defendants forty-seven days to file an answer and sixty-two days to file the motion in question *after Plaintiffs initiated the lawsuit*. (Rec. Doc. 21 at 3). Plaintiff does not dispute that Defendant has filed a meritorious defense in its answer. (Rec. Doc. 18-1 at 4).

The Court is not persuaded that Plaintiff will suffer undue prejudice if the entry of default is set aside and agrees with Defendant's assertion that the Motion spares Plaintiff of any

prejudice recognized by the Fifth Circuit. (Rec. Doc. 18-1 at 3-4). Fifth Circuit jurisprudence clearly establishes that a party is not prejudiced by setting aside an entry of default if it only requires that "the plaintiff prove its case" and perform normal litigation activities. *Lacy*, 227 F.3d at 293 (citing *Gen. Tel. Corp*, 277 F.2d at 921). In this case, the Court rejects Plaintiff's argument that "additional costs of litigation to the Plaintiff who can simply receive the money they are owed without the added expense of trial" is an undue burden. (Rec. Doc 21 at 2). Plaintiff's claim of prejudice reflects precisely what the Fifth Circuit has determined does not constitute prejudice. *Lacy*, 227 F.3d at 293; (Rec. Doc 21 at 2). Thus, Plaintiff's assertion that it will be prejudiced because it must litigate the issue instead of simply receiving a check by Defendants is flawed. (Rec. Doc. 21 at 2). Defendant's motion will not prejudice Plaintiff.

The Court does not conclude that Defendants' motion will cause a significant financial loss for Plaintiff. First, Plaintiff repeats the same flawed argument as it did in alleging prejudice by claiming that it must shoulder the burden of paying for the additional costs of its lawsuit if its Motion for Default Judgment on a Sum Certain is not granted. (Rec. Doc. 21 at 3). This argument fails not only for the reasons outlined above, but also because Plaintiff's motion was deficient and therefore treated as though it was never filed. (Rec. Doc. 14); *See Lacy*, 227 F.3d at 293. Second, Plaintiff asserts that it will bear a significant financial loss because Defendant owes a large amount of money which Plaintiff can no longer receive through a swift default judgment. (Rec. Doc. 21 at 3). However, a delayed "collection of the amount in dispute" does not unduly prejudice a plaintiff because the amount in dispute may still be attained in the course of litigation. *C & G Boats, Inc.,* 164 F.R.D. at 59. Hence, Plaintiff's arguments that it will bear a significant financial burden lack merit.

5

Finally, the Court concludes that Defendant's motion was filed expeditiously. Plaintiff argues that Defendant has not acted expeditiously throughout the litigation process because Defendant did not file an answer until forty-seven days after Plaintiff filed suit and did not file the instant motion until sixty-two days after the suit was initiated. (Rec. Doc. 21 at 3). Defendant filed its Motion to Set Aside the Entry of Default on June 14, 2012, twenty seven days after the Clerk of Court entered default on May 18, 2012. (Rec. Docs.13, 18). Thus, Defendant acted expeditiously to cure the default because Defendant's motion was filed within thirty days of the entry of default. See *Reynal*, 153 F.2d at 931-32. This is a far cry from the delay of nine months which that Fifth Circuit has ruled as untimely. *See Formal Specialists Ltd.*, 98 F. App'x. at 286. Thus, Defendant acted expeditiously to cure the entry of default.

**IV.    Conclusion**

Accordingly,

IT IS ORDERED that Defendant's Motion to Set Aside Entry of Default is GRANTED.

New Orleans, Louisiana, this 27th day of July, 2012

**HELEN G. BERRIGAN**

**UNITED STATES DISTRICT JUDGE**